# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| Saha Thai Steel Pipe Public Company Limited | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 21-00627 |
| United States, | ) ) ) | |
| *Defendant.* | ) ) ) ) ) | |

## COMPLAINT

Plaintiff Saha Thai Steel Pipe Public Company Limited ("Saha Thai") by and through its counsel, state the following claims against the Defendant, the United States:

1. Plaintiffs seek judicial review of the U.S. Department of Commerce's ("Commerce") final results of anti-dumping duty administrative review and final determination of no shipments of certain welded carbon steel pipes and tubes from Thailand, covering the period March 1, 2019 to February 29, 2020. See *Welded Carbon Steel Pipes and Tubes From Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; 2019– 2020, 86 Fed. Reg. 69,620 (Dec. 8, 2021). (Case No. A-549-502). ("*Final Results*"). Issue and Decision Memorandum dated December 2, 2021.

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final affirmative less than fair value determination issued by Commerce under 19 U.S.C. § 1675. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiff Saha Thai Steel Pipe Public Company Limited is a foreign producer and exporter of welded carbon steel pipes and tubes from Thailand ("subject merchandise") who was a party to the antidumping administrative review determination now being challenged. Plaintiff Saha Thai Steel Pipe Public Company Limited is an interested party as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and Plaintiff fully participated in the proceeding being challenged. Therefore, Plaintiff has standing to bring this action under 19 U.S. C. § 1516a(d) and 28 U.S.C. §2631(e).

## TIMELINESS OF THIS ACTION

4. Commerce published its notice of the *Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments*; 2019– 2020, 86 Fed. Reg. 69,620 (Dec. 8, 2021).

5. This action was commenced with the filing of the Summons on December 20, 2021, within 30 days of the publication of the Final Determination. Accordingly, this action is timely filed. 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. The AD Order on circular welded carbon steel pipes and tubes from Thailand was originally imposed in 1986. *See Antidumping Duty Order; Circular Welded Carbon Steel Pipes and Tubes from Thailand*, 51 Fed. Reg. 8,341 (Dep't of Commerce, Mar. 11, 1986). Saha Thai participated in the original investigation and in every single initiated AD review since. And so, for the last thirty-plus years, Saha Thai has participated regularly in Commerce's annual reviews, submitted tens of thousands of pages of responses and gone through repeated strenuous verifications. In each and every review Saha Thai submitted complete information on affiliation, U.S. and home market sales databases and complete costs of production.

7. Commerce initiated the 2019-2020 AD review in May 2020. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 26,931 (May 6, 2020). Once again, Saha Thai was chosen as a mandatory respondent. And once again, Saha Thai presented its affiliation information as well as all the required data. Saha Thai was absolutely certain that from an AD compliance standpoint, its actions for the 2019-2020 period were virtually identical to its actions the recent periods of review.

8. In June 8, 2021, Commerce published its preliminary AD determination. *See Circular Welded Carbon Steel Pipes and Tubes From Thailand: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019–2020,* 86 Fed. Reg. 30.406. In its *Preliminary Results*, Commerce calculated a dumping margin of 7.23% for Saha Thai. This margin, contrasting with margins (0%) in prior investigations resulted from the application by the Department of an upward

adjustment to the reported cost of hot-rolled coil ("HRC") incurred to produce circular welded pipe ("CWP") on the basis of a particular market situation ("PMS"). The Department applied this adjustment even if the Court of International Trade has repeatedly ruled that the statute only allows for the application of a PMS adjustment to costs for purposes of constructed value but not for purposes of determining normal value based on sales below costs.

9. Saha Thai further notes that the Preliminary Results of Commerce rejected Petitioner's claims on allegedly unreported affiliations. Specifically, in the Preliminary Determination the Department found that it had reviewed and "collected information on the issue" and did not find that Saha Thai was affiliated with entities alleged by Petitioner. Preliminary Decision Memorandum at 16.

10. After the Preliminary Results, Petitioner submitted certain registration documents, shareholder information and financial information from purported Saha Thai affiliates. However, in this submission Petitioner failed to explain the purpose of the submission, failed to provide certain translations and did not connect the said documents with the subject merchandise. *See* Petitioner's Comments entitled, "Circular Welded Carbon Steel Pipes and Tubes from Thailand: Rebuttal Factual Information to Saha Thai's Supplemental Questionnaire Response," dated June 1, 2021. At this moment, the Department issued no supplemental questionnaire to Saha Thai, asking for any additional information or data.

11. In July 21, 2021, at the briefing stage of the proceeding, Petitioners submitted new theories on Saha Thai's unreported affiliation. Petitioners argued that these theories and

evidence supported the application of Adverse Facts Available ("AFA") to Saha Thai. Saha Thai rebutted each of the belated claims on affiliation submitted by Petitioners in its rebuttal brief dated August 10, 2021. Specifically, Saha Thai conclusively argued that the application of AFA was not granted under the circumstances, as Petitioner's allegations failed to meet the statutory standard on affiliation, and failed to adduce substantive evidence supporting such finding.

12. On December 8, 2021, Commerce issued its *Final Results* assigning and AD rate to Saha Thai of 36.97%. See *Final Results* 69,621. Specifically, Commerce claimed that it was appropriate to apply "partial adverse facts available" because:

> "{Commerce's} review of the evidence on the record indicates that some of Saha Thai's home-market customers may, in fact, be affiliated with Saha Thai and that Saha Thai did not report them as affiliated customers, nor did it report certain family members that had a role with respect to those customers. . . In addition, we determine that, by withholding this information, Saha Thai has not acted to the best of its ability and that, therefore, an adverse inference is warranted in accordance with section 776(b) of the Act.
>
> *Issue and Decision Memo* at 7-8.

13. This finding, together with Commerce's application of the PMS cost adjustment led to the difference of almost 30 percentage points between Commerce's Preliminary and Final Results. *Issue and Decision Memo* at 23-28.

## STATEMENT OF CLAIMS

14. In the following respects, and for other reasons apparent from the administrative record of the underlying 2019-2020 AD administrative review, Commerce's

decision in the *Final Results* concerning Saha Thai is not supported by substantial evidence on the record and otherwise not in accordance with law.

**Count 1:    Commerce decision to find affiliation was not supported by substantial evidence and not in accordance with law**

15.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16.    In its Final Results, Commerce found affiliation between Saha Thai and some of its home's market customers. Commerce's finding on affiliation, however, did not meet the high statutory bar for finding affiliation on the basis of "control" under 19 U.S.C. §1677(33). Specifically, Commerce finding was not supported in substantial evidence showing that Saha Thai or its home market customers would be "legally or operationally in a position to exercise restraint or direction" over one another.

17.    Further, Commerce has not complied with its own regulations, and particularly with 19 C.F.R. §351.102(b)(3), since it has not proven how the relationship between Saha Thai and its home market customers would be one as to impact decisions concerning the production, pricing, or cost of the subject merchandise or foreign like product.

18.    Finally, Commerce's conclusions are based on information submitted by Petitioner's at a very late stage in the proceeding (briefing). The said information is vague and confusing, and is not always connected with the subject merchandise subject to the

anti-dumping review. As such, the information cannot serve to support Commerce's finding.

**Count 2.**  **Commerce decision to apply partial AFA because of alleged non-cooperation was not supported by substantial evidence and not in accordance with law**

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18.

20. Commerce's decision to apply total AFA was premised upon Commerce's conclusion that Saha Thai withheld information concerning its affiliates during the administrative proceeding. Issue and Decision Memo at 7-8. The Department's assertion, however, is highly speculative and fails to comply with the statutory requirements of 19 U.S.C. §1677e(a). In particular, the Department failed to show (1) which necessary information was not available on the record and (2) how Saha Thai withheld that information; failed to provide information within the applicable deadlines; impeded the proceeding or provided information that could not be verified. In addition, the Department did not afford any opportunity to Saha Thai to remedy any perceived deficiency in the data submitted, as required by 19 U.S.C. 1677m(d).

**Count 3**  **Commerce decision to apply a PMS cost adjustment was not supported by substantial evidence and not in accordance with law**

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20.

22. In its Final Determination, the Department exceeded its authority by applying an upward adjustment to the reported costs of inputs (hot-rolled coil) incurred to produce the subject merchandise (circular welded pipe) on the basis of a particular market situation. Under 19 U.S.C. 1677b(e), Commerce can only adjust the producer's actual costs of production (because of an alleged PMS) for purposes of calculating constructed value. By contrast, Commerce's has no statutory authority to use an alleged PMS to adjust a producer's production costs for the purposes of analyzing sales below cost. This has been confirmed by settled case law of the Court of International Trade.

23. In any case, the Department quantification of PMS adjustment is flawed as it is based on global-wide circumstances, and ignores an empirical analysis of actual costs. The very record detracts the Department adjustment calculation.

**Count 4        Commerce decision to apply a PMS cost adjustment was not supported by substantial evidence and not in accordance with law**

24. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23.

25. The underlying proceeding was an AD review for circular-welded pipe, often referred to as "standard pipe."

26. During the underlying AD review, Commerce demanded that Saha Thai include in its U.S. sales database, (a) all of Saha Thai's U.S. and home market sales of standard pipe and (b) all Saha Thai's U.S. and home market sales of dual-certified pipe.

27. Commerce then calculated Saha Thai's AD margin utilizing Saha Thai's U.S. and home market sales of both standard pipe and dual-certified pipe.

28. Commerce's decision to include sales dual-certified pipe in the calculation of Saha Thai's AD margin was unsupported by substantial evidence and otherwise not in accordance with law.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff prays this Court enter judgment as follows:

(A)     Enter judgment in favor of Plaintiff;

(B)     Hold as unlawful Commerce's final results in the contested administrative review that are the subject of this Complaint,

(C)     Remand this proceeding to Commerce with instructions to publish revised final results in conformity with the Court's decision; and

(D)     Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
James C. Beaty
Ana M. Amador Gil

Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Ave.
N.W. Washington, D.C. 20006
Tel. (202) 452-7373

*Counsel for Plaintiff Saha Thai*

December 20, 2021