UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, <br><br> *Plaintiff,* <br> and <br><br> THAI PREMIUM PIPE CO. LTD., <br><br> *Plaintiff-Intervenor,* <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant,* <br><br> and <br><br> NUCOR CORPORATION, STEEL DYNAMICS, INC., and WHEATLAND TUBE COMPANY, <br><br> *Defendant-Intervenors.* | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 1:21-cv-00627 |

## ORDER

In its Response to Plaintiff's Motion for Judgment on the Agency Record (Pl.'s Mot.), Defendant, the United States (the Department or Commerce), has requested a remand to "recalculate the weighted-average dumping margin without making a cost-based particular market situation adjustment." Def.'s Resp. to Pl.'s Mot. for J. on the Agency R. at 41 (Def.'s Resp.), ECF No. 47. Plaintiff consents and asks that the Court "grant this request." Pl.'s Reply in Support of Mot. for J. on the Agency R. at 23 (Pl.'s Reply), ECF No. 53. Defendant-Intervenor Wheatland Tube consents to a remand in

theory but objects to "the overly restrictive nature of the remand sought." Def.-Int.'s Resp. to Pl.'s Mot. for J. on the Agency R. at 19 (Wheatland Tube Resp.), ECF No. 50. Defendant-Intervenor Nucor Corporation agrees with the position of Wheatland Tube. Def.-Int.'s Resp. to Pl.'s Mot. for J. on the Agency R. at 1 (Nucor Resp.), ECF No. 49. The Federal Circuit recently confirmed the consistent position of the Court of International Trade, holding that applying a particular market situation adjustment to the calculation of the cost of production under 19 U.S.C. § 1677b(b) is illegal. *Hyundai Steel Co., Ltd. v. United States*, 19 F.4th 1346, 1352 (Fed. Cir. 2021). As such, Commerce's request for voluntary remand is **GRANTED** so that it may "recalculate the weighted-average dumping margin without making a cost-based particular market situation adjustment." Def.'s Resp. at 41, ECF No. 47.

## STANDARD OF REVIEW

An agency may request a remand "because of intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). "A remand is generally required if the intervening event may affect the validity of the agency action." *Id.* The Court is "free, within reasonable limits, to set the parameters of the remand." *Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB*, 975 F.2d 807, 814 (Fed. Cir. 1992).

## ANALYSIS

The present circumstances justify a remand. Plaintiff has provided evidence of an intervening legal decision, and no party objects to a remand in principle. In its

final determination, Commerce included a cost-based particular market situation adjustment to Plaintiff's dumping margin. IDM at 19–28 (Dec. 2, 2021), J.A. at 14,306–15, ECF No. 56. The Federal Circuit issued its opinion in *Hyundai Steel* on December 10, 2021, eight days after Commerce issued the Issues and Decision Memorandum (IDM) and two days after the accompanying final determination. *See Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 69,620 (Dec. 8, 2021). In *Hyundai Steel*, the Federal Circuit held that "section 1677b, as amended by the TPEA, clearly indicates that Congress intended to limit PMS adjustments to calculations pursuant to the 'constructed value' and not to authorize Commerce to make such adjustments pursuant to the 'cost of production' subsection." *Hyundai Steel*, 19 F.4th at 1352 (internal citations omitted). Because the intervening decision in *Hyundai Steel* "affect[s] the validity of the agency action," a remand "is required." *SKF USA*, 254 F.3d at 1028.

Defendant-Intervenor and Plaintiff disagree about the proper scope of the remand order. *Compare* Wheatland Tube Resp. at 19–22 (arguing that *Hyundai Steel* leaves open two paths for Commerce to apply a cost-based particular market situation adjustment), *with* Pl.'s Reply at 4–10 (critiquing Wheatland's argument). The Court will not issue an advisory opinion on the correct interpretation of *Hyundai Steel* and instead leaves it for Commerce to decide how best to proceed. *See, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("And it is quite clear that 'the oldest and most

consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'") (citations omitted).

The Court therefore **GRANTS** remand for up to 90 days. At or before the conclusion of 90 days, Commerce shall file its remand results with the Court.

It is also **ORDERED** that, within 14 days of Commerce's filing the remand redetermination, Defendant shall supplement the administrative record and joint appendix with all documents not already included that Commerce considered in reaching its remand results; and it is further

**ORDERED** that Plaintiff and Plaintiff-Intervenor shall have 14 days from the filing of any additions to the administrative record and joint appendix to submit comments to the Court;

**ORDERED** that Defendant shall have 14 days from the date of Plaintiffs' filing of comments to submit a reply;

**ORDERED** that Defendant-Intervenors shall have 7 days from the date of Defendant's filling to submit their replies; and

**ORDERED** that motions for oral argument, if any, shall be filed within 14 days of the date that Defendant-Intervenors' replies to parties' comments are filed.

Parties' comments shall be limited to arguments specific to the remand results. All other issues previously briefed to the Court will be considered live for determination unless otherwise stated in the post-remand comments.

In light of this Order, Plaintiff's Motion for Oral Argument is **DENIED** as moot.

**SO ORDERED.**

                                                  **/s/ Stephen Alexander Vaden**
                                                  Judge Stephen Alexander Vaden

Dated: Oct. 11, 2022
New York, New York