## UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Stephen A. Vaden, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>  Plaintiff,<br>and<br><br>THAI PREMIUM PIPE COMPANY LTD.,<br><br>  Plaintiff-Intervenor,<br><br>  v.<br><br>UNITED STATES,<br><br>  Defendant,<br>and<br><br>WHEATLAND TUBE COMPANY,<br>NUCOR TUBULAR PRODUCTS INC.,<br><br>  Defendant-Intervenors. | Court No. 21-00627 |

### PLAINTIFF'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION RESULTS

                                                Daniel L. Porter
                                                James Durling
                                                James C. Beaty
                                                Ana M. Amador Gil

                                        **Curtis, Mallet-Prevost, Colt & Mosle, LLP**
                                                1717 Pennsylvania Ave., NW
                                                Washington, DC 20006
                                                (202) 452-7340

Dated: December 21, 2022

On behalf of Plaintiff Saha Thai Steel Pipe Public Company Limited ("Saha Thai"), we hereby submit these comments in support of the Commerce Department's Remand Redetermination Results filed on November 29, 2022, ECF 61 ("Remand Results"). These comments are submitted pursuant to the Court's remand order dated October 11, 2022. ECF 60.

We briefly reiterate the key developments. Commerce voluntarily requested the remand for reconsidering the application of its Particular Market Situation ("PMS") cost adjustment in light of the Court of Appeals for the Federal Circuit precedent *Hyundai Steel Co., Ltd. v. United States*, 19 F.4th 1346 (Fed. Cir. 2021). Specifically, in its Response to Plaintiff's Opening Brief, Commerce stated:

> Here, because all of Saha Thai's U.S. export price sales matched to sales of identical or similar control numbers in its home-market sales, it was not necessary to match to constructed value under 19 U.S.C. § 1677b(b). Thus, we respectfully request that the Court remand this case to Commerce <u>to recalculate the weighted-average dumping margin without making a cost-based particular market situation adjustment</u> in light of Hyundai Steel. See SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position.").

Defendant's Response at 41. ECF 47 (emphasis added)

Both Plaintiff Saha Thai and Defendant-Intervenor Wheatland Tube consented to the remand. *See* Defendant-Intervenors Response at 19, ECF 50.

In its Order dated October 11, 2022, the Court granted Commerce the voluntary remand. ECF 60. Commerce then submitted its Remand Results on November 29, 2022. ECF 61. In its Remand Results, Commerce reached the following conclusion:

> Pursuant to the CAFC's decision in *Hyundai Steel* referenced above, the statute only permits the adjustment of cost of production for a PMS when making comparisons based on constructed value. In this review, all U.S. sales reported by Saha Thai matched to sales of identical or similar control numbers of its home market sales. As a

> result, it was not necessary to match to constructed value under section 773(b) of the Act. Accordingly, we have not made a PMS adjustment to the cost of production for these final results of redetermination and have recalculated Saha Thai's weighted-average dumping margin accordingly.

Remand Results at 4, ECF 61. Commerce's recalculation of Saha Thai's weighted-average changed the dumping margin from 36.97 percent to 14.74 percent.

Saha Thai believes that Commerce's interpretation of *Hyundai* is correct. Saha Thai also supports Commerce's implementation of *Hyundai* in its Remand Results by recalculating Saha Thai's average dumping margin without application of a PMS cost adjustment. Saha Thai agrees that the change in weighted-average dumping margin correctly reflects removal of the PMS cost adjustment.

Saha Thai further agrees with Commerce's decision to limit the scope of its Remand Results to re-calculating Saha Thai's weighted average dumping margin without a cost-based PMS adjustment. In this regard Commerce correctly rejected Defendant's-Intervenor's invitation to explore new ways of applying the PMS cost based adjustment in cases where the normal value is based on home market sales. *See* Defendant's Intervenor Response at 20, ECF 50. Commerce's voluntary remand redetermination correctly restricted its scope to recalculating "weighted-average dumping margin <u>without</u> making a cost-based particular market situation adjustment" (Defendant's Response at 41, ECF 47).

These comments on Commerce's Remand Results are without prejudice to the additional arguments that Saha Thai has already made concerning other aspects of Commerce's final antidumping review determination. Specifically, Saha Thai notes that resolution by this Court of these other arguments might well require an additional re-calculation of Saha Thai's weighted-average dumping margin by Commerce.

Accordingly, in accordance with the Court's instructions, Saha Thai reserves the right to submit a motion for oral argument within 14 days of the date that Defendant-Intervenors' replies to parties' comments. *See* Remand Order at 4, ECF 60.

In sum, it is Plaintiff's position that Commerce's Remand Results fully comply with the Court's remand order dated October 11, 2022, ECF 60.

    Respectfully submitted

    /s/ Daniel L. Porter

    Daniel L. Porter
    James Durling
    James C. Beaty
    Ana M. Amador Gil

    **Curtis, Mallet-Prevost, Colt & Mosle, LLP**
    1717 Pennsylvania Ave., NW
    Washington, DC 20006
    (202) 452-7340