IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>    Plaintiff,<br><br>  and<br><br>THAI PREMIUM PIPE CO. LTD.,<br><br>    Plaintiff-Intervenor,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>WHEATLAND TUBE COMPANY and, NUCOR TUBULAR PRODUCTS, INC.,<br><br>    Defendant-Intervenors. | Ct. No. 21-00627 |

**DEFENDANT'S CORRECTED RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Saha Thai Steel Pipe Public Co., Ltd. (Saha Thai), dated December 21, 2022 (ECF No. 63) and plaintiff-intervenor Thai Premium Pipe Co., Ltd. (Thai Premium), dated December 23, 30, 2022 (ECF No. 64) regarding the final results of redetermination filed by the Department of Commerce (Commerce) pursuant to the Court's opinion and partial remand order dated October

11, 2022 (ECF No. 60).  *See* Final Results of Redetermination Pursuant to Court Remand, November 29, 2022, ECF No. 61-1 (Remand Redetermination).

We respectfully request that the Court affirm Commerce's Remand Redetermination, in which Commerce removed the cost-based particular market situation adjustment that it initially applied in *Welded Carbon Steel Pipes and Tubes from Thailand:  Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 69,620 (Dec. 8, 2021*)* (final results), and accompanying Issues and Decision Memorandum (IDM), and recalculated the weighted-average dumping margin without such adjustment.  As we establish below, Commerce has fully complied with the Court's partial remand order and the redetermination is supported by substantial evidence and in accordance with law.

We understand that Saha Thai and Thai Premium contest the remaining issues that were briefed in Saha Thai's Rule 56.2 Motion for Judgment on the Agency Record, dated May 9, 2022 (ECF No. 40-1), and we respectfully request that the Court sustain Commerce's determinations on those issues for the reasons set forth in Defendant's Response to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record, dated July 15, 2022 (ECF No. 45).

## FACTUAL BACKGROUND

On October 11, 2022, the Court issued a partial remand order granting Commerce's request for a voluntary remand to recalculate the weighted-average dumping margin without making a cost-based particular market situation adjustment in light of controlling precedent having been issued in the United States Court of Appeals for the Federal Circuit's decision in *Hyundai Steel Co. v. United States*, 19 F.4th 1346, 1352-55 (Fed. Cir. 2021), which held that Commerce cannot apply a PMS adjustment to the cost of production under the sales-below-

cost test. On remand, Commerce removed the particular market situation adjustment from the margin calculation and recalculated the weighted-average dumping margin. *See* Remand Redetermination, at 7-8.

## ARGUMENT

In remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

In their comments, neither Saha Thai nor Thai Premium contest Commerce's removal of the particular market situation adjustment. Defendant-intervenors Nucor Corporation, Steel Dynamics, Inc., and Wheatland Tube Company (Wheatland), however, filed comments before Commerce arguing that the *Hyundai* decision does not preclude Commerce from making a PMS adjustment. *See* Remand Redetermination at 5-6. As Commerce explained in the remand, because Commerce specifically requested a remand to recalculate the weighted-average dumping margin without making a cost-based particular market situation adjustment and the Court's partial remand order granted that request, Commerce concluded that it was "not appropriate to address {Wheatland's} arguments in the context of these final{} results of redetermination." *Id.* at 6-7.

Accordingly, we respectfully request that Court sustain Commerce's remand redetermination removing the PMS adjustment and recalculating the weighted-average dumping margin because Commerce's remand redetermination is in accordance with the Court's order and is supported by substantial evidence and in accordance with law.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and we respectfully request that the Court sustain Commerce's determinations on the issues remaining in the litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL: | s/ Elizabeth Anne Speck<br>ELIZABETH ANNE SPECK |
| JONZACHARY FORBES<br>U.S. Department of Commerce<br>Office of Chief Counsel<br>  for Trade Enforcement and Compliance | Senior Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone:  (202) 307-0369 |
| January 5, 2023 | Attorneys for the United States |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court and the Court's scheduling order in that it contains 620 words, including text, footnotes, and headings.

/s/ Elizabeth Anne Speck

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, <br><br>  Plaintiff, <br><br> and <br><br> THAI PREMIUM PIPE CO. LTD., <br><br>  Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY and, NUCOR TUBULAR PRODUCTS, INC., <br><br>  Defendant-Intervenors. | Ct. No. 21-00627 |

**<u>ORDER</u>**

Upon consideration of plaintiff's Rule 56.2 Motion for Judgement on the Agency Record, defendant's opposition thereto, comments regarding the Department of Commerce's (Commerce) remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby,

ORDERED that plaintiff's motion for judgment concerning the Commerce's decision to apply partial facts available with adverse inferences is denied, and it is further

2

ORDERED that Commerce's remand redetermination, which recalculated the weighted-average dumping margin without making a cost-based particular market situation adjustment is sustained, and it is further

ORDERED that the challenged determination, as amended by the remand redetermination, is sustained in all other respects.

_____
Judge

Dated: _____
      New York, New York