**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

|  |  |  |
|---|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY, LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| THAI PREMIUM PIPE COMPANY LTD., | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | Court No. 21-00627 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) | |
| WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., | ) ) ) | |
| Defendant-Intervenors. | ) ) ) | |

---

**DEFENDANT'S SUR-REPLY**

---

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

JONZACHARY FORBES
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement and
Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230-0001
Telephone: (240) 449-5906
Email: JonZachary.Forbes@trade.gov

February 17, 2023

ELIZABETH ANNE SPECK
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 307-0369

Attorneys for the United States

## <u>TABLE OF CONTENTS</u>

ARGUMENT ..................................................................................................................2

    I.      Saha Thai Has Not Demonstrated That It Would Have Been Futile To Have
Raised The Issue Of Whether To Include Dual-Stenciled Pipe Before Commerce .2

    II.    Whether Dual-Stenciled Pipe Is Covered By The Order Is Still On Appeal In
The Federal Circuit ..................................................................................................5

CONCLUSION ..............................................................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                              **Page(s)**

*Boomerang Tube LLC v. United States*,
   856 F.3d 908 (Fed. Cir. 2017) ................................................................................... 3

*Corus Staal BV v. United States*,
   502 F.3d 1370 (Fed. Cir. 2007) .............................................................................. 3, 5

*Itochu Building Products v. United States*,
   733 F.3d 1140 (Fed. Cir. 2013) ........................................................................... 3, 4, 5

*Prime Time Commerce, LLC v. United States*,
   No. 21-1783, 2022 WL 2313968 (Fed. Cir. June 28, 2022) ..................................... 4

*RHI Refractories Liaoning Co., Ltd. v. United States*,
   774 F. Supp. 2d 1280 (Ct. Int'l Trade 2011) ........................................................... 6

*Shaha Thai Steel Pipe Pub. Co. v. United States*,
   547 F. Supp. 3d 1278 (Ct. Int'l Trade 2021) ........................................................ 2, 5

*Ta Chen Stainless Steel Pipe, Ltd. v. United States*,
   342 F. Supp. 2d 1191 (Ct. Int'l Trade 2004) ........................................................... 2

*United States v. L.A. Trucker Truck Lines, Inc.*,
   344 U.S. 33 (1952) ................................................................................................... 3

**Statutes**

28 U.S.C. § 2637(d) .................................................................................................... 3

**Regulations**

19 C.F.R. § 351.309(b) ............................................................................................... 5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY, LIMITED, )<br><br>Plaintiff, )<br><br>and )<br><br>THAI PREMIUM PIPE COMPANY LTD., )<br><br>Plaintiff-Intervenor, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br>and )<br><br>WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., )<br><br>Defendant-Intervenors. ) | Court No. 21-00627 |

## DEFENDANT'S SUR-REPLY

In its order dated January 19, 2023 (ECF No. 67), the Court directed the Government to file a sur-reply brief of no more than 8,500 words in response to the arguments regarding exceptions to administrative exhaustion raised by plaintiff Saha Thai Steel Pipe Public Co., Ltd. (Saha Thai) in its reply brief (Saha Thai Reply Br., ECF No. 54) in support of its motion for judgment on the agency record.  As directed, the United States respectfully submits this sur-reply responding to Saha Thai's arguments raised on pages 29-32 regarding exceptions to administrative exhaustion.  For the reasons discussed in our response (Gov. Br., ECF No. 45) and

discussed further below, we respectfully request that the Court deny Saha Thai's motion for

judgment on the agency record and sustain the Department of Commerce's (Commerce) final

results, as changed after Commerce's voluntary remand redetermination filed on November 29,

2022 (ECF No. 61), as supported by substantial evidence and otherwise in accordance with law.

## ARGUMENT

In its briefing before this Court, Saha Thai contends that Commerce should revise its

antidumping duty final margin calculations to remove sales of dual-stenciled pipe and tube

because of this Court's final judgment sustaining Commerce's remand redetermination under

protest that dual-stenciled pipe and tube is not covered by the antidumping order on circular

welded carbon steel pipes and tubes from Thailand.  Saha Thai Motion for Judgment on the

Agency Record, dated May 9, 2022, ECF No. 40-1 at 52-54 (citing *Shaha Thai Steel Pipe Pub.*

*Co. v. United States*, 547 F. Supp. 3d 1278 (Ct. Int'l Trade 2021).  In our response, we

maintained that, because Saha Thai failed to raise the issue of including sales attributable to dual-

stenciled pipe and tube in Commerce's final margin calculations at any point during the

underlying administrative review, it cannot pursue this claim before this Court.  Gov. Br. at 41-

43.  In its reply, Saha Thai contends that the futility exception and the pure question of law

exception excuse it from not having raised the issue before Commerce.  Saha Thai Reply Br. at

29-32.  We address both arguments below.

## I.      Saha Thai Has Not Demonstrated That It Would Have Been Futile To Have Raised The Issue Of Whether To Include Dual-Stenciled Pipe Before Commerce

As discussed in our response brief, this Court and the United States Court of Appeals for

the Federal Circuit generally take a "strict view" of the requirement that parties exhaust their

administrative remedies before Commerce in trade cases.  *Ta Chen Stainless Steel Pipe, Ltd. v.*

*United States*, 342 F. Supp. 2d 1191, 1205 (Ct. Int'l Trade 2004) (cleaned up); Gov. Br. at 42-43

(citing *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017) and 28 U.S.C. § 2637(d)).  The principle underlying the rule is that "courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."  *United States v. L.A. Trucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

The futility exception to the exhaustion requirement "is a narrow one," and merely because an adverse decision may have been likely does not excuse a party from a statutory or regulatory requirement that it exhaust administrative remedies.  *See Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007).  Here, requiring Saha Thai to set forth its factual and legal arguments in its case brief or at any point before Commerce would have had potential value either by resulting in possible relief for Saha Thai, or, at a minimum, providing Commerce an opportunity to address the issue to facilitate judicial review.  *Id.* at 1380.

Saha Thai relies on the Federal Circuit's decision in *Itochu Building Products v. United States*, 733 F.3d 1140 (Fed. Cir. 2013), to support its position that it should be exempted from exhausting its administrative remedies.  Saha Thai Reply Br. at 30-31.  But the decision in *Itochu* is readily distinguishable.  In *Itochu*, a Chinese respondent was a party to an administrative review of its sales of steel nails in the United States that were covered by an antidumping duty order.  733 F.3d at 1142.  During the course of the review, a domestic manufacturer notified Commerce "that it no longer had an interest in receiving [antidumping] relief from imports" of certain types of nails and requested that Commerce initiate a changed-circumstances review to revoke the order as to those types of nails.  *Id.* at 1142-43.  In support of that request, Itochu submitted comments and met with eight Commerce officials to advocate for a proposed date for

the revocation to become effective.  *Id.* At 1143.  During those meetings, Itochu's counsel also provided the officials with "41 pages of excerpts from prior Commerce determinations."  *Id.*

In its preliminary determination, Commerce noted that Itochu had submitted comments and its meetings with Commerce officials, but declined to accept Itochu's requested date.  *Id.* at 1143-44.  Commerce invited interested parties to submit comments on its preliminary determination, but it stated that the receipt of comments would delay the publication date for the final results.  *Id.*  at 1144.  Although Itochu did not submit comments in response to the preliminary determination, in its final determination Commerce described its interactions with Itochu on the issue of the proposed effective date and again rejected Itochu's position.  *Id.* Under these circumstances, which the Federal Circuit characterized as "rare," the Court excused Itochu from the exhaustion requirement, reasoning that there was no need to require Itochu to re-file its comments because "Commerce had heard everything on the issue that Itochu had to say." *Id.* at 1147.

Unlike in *Itochu*, where Itochu had affirmatively raised its arguments before Commerce and Commerce actually addressed the arguments in its preliminary and final determinations, Saha Thai has not identified *any* filed comments raising its arguments during the administrative review.  *Id.* at 1146.  In fact, recently in *Prime Time Commerce, LLC v. United States*, No. 21-1783, 2022 WL 2313968, at *5 (Fed. Cir. June 28, 2022), the Federal Circuit distinguished *Itochu* from a scenario in which a company raised arguments before the Court of International Trade that it had not raised at any point before Commerce.  Also, in *Itochu* Commerce's exhaustion regulation requiring parties to state "all arguments that continue in the submitter's view to be relevant to the Secretary's final determination" did not alter the Court's analysis

4

because it concerned a request for a changed circumstances review as opposed to.an administrative review at issue here.  19 C.F.R. § 351.309(b)(1); *Itochu*, 733 F.3d 1145 n.1.

Contrary to Saha Thai's assertions, it would not have been futile for it to have raised its arguments after Commerce's final scope ruling on June 30, 2020.  Saha Thai Reply Br. at 30-31.  Saha Thai was actively challenging that final scope ruling before this Court through the pendency of this then-ongoing administrative review.  Indeed, Saha Thai had already submitted its opening brief in the litigation on December 4, 2020, challenging the final scope ruling before its submission of its Section C Questionnaire Response on December 10, 2020.  Saha Thai Section C Questionnaire Response (Dec. 10, 2020), Appx89756.  Thus, Saha Thai had ample time and opportunity to raise this argument before Commerce's preliminary results or in its case brief, but failed to do so.  By failing to raise its arguments, Saha Thai deprived the agency of an opportunity to address the issue to facilitate judicial review.  *Corus Staal BV*, 502 F.3d at 1380.  Consequently, Saha Thai's reliance on the futility exception fails.

**II.    Whether Dual-Stenciled Pipe Is Covered By The Order Is Still On Appeal In The Federal Circuit**

With respect to Saha Thai's arguments about the applicability of the pure question of law exception and whether Commerce is obligated under the statute to remove sales attributable to dual-stenciled pipe from its margin calculations, Saha Thai Reply Br. at 31-32, Saha Thai contends that "{t}his Court can rule on that question alone and the proper result will be reached even if the scope determination is later overturned on appeal."  Saha Thai Reply Br. at 32.  To the extent that the Court determines that Saha Thai's arguments raise a pure question of law, we respectfully submit that, because the relevant scope issue is still on appeal in the Federal Circuit in *Saha Thai Steel Pipe Public Co. Ltd. v. United States*, No. 22-2181 (Fed. Cir.), this Court should wait until after the issuance of the final mandate by the Federal Circuit before ruling on

this issue in order to preserve judicial and agency resources.  *E.g.*, *RHI Refractories Liaoning Co., Ltd. v. United States*, 774 F. Supp. 2d 1280, 1283-85 (Ct. Int'l Trade 2011) (recognizing that a court possesses broad discretion to stay a matter when briefing had already commenced at the Federal Circuit as the "delay will not continue for an indefinite period" and "will promote judicial economy and preserve the resources of the parties and the court").

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court sustain Commerce's final results, as changed in its remand redetermination.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

<u>s/ Franklin E. White, Jr.</u>
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

<u>s/ Elizabeth Anne Speck</u>
ELIZABETH ANNE SPECK

JONZACHARY FORBES
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement and
Compliance
1401 Constitution Avenue, NW.
Washington, DC 20230-0001
Telephone: (240) 449-5906
Email: JonZachary.Forbes@trade.gov

Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 307-0369

February 17, 2023

Attorneys for the United States

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court and the Court's order in that it contains 1,501 words, including text, footnotes, and headings.

/s/ Elizabeth Anne Speck