UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>*Plaintiff,*<br><br>and<br><br>THAI PREMIUM PIPE COMPANY, LTD.<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC.,<br><br>*Defendant-Intervenors.* | Court No. 21-00627 |

**SUR-REPLY OF DEFENDANT-INTERVENORS**

| | |
|---|---|
| Roger B Schagrin<br>Christopher T. Cloutier<br>Saad Y. Chalchal*<br>**SCHAGRIN ASSOCIATES**<br>900 7th Street NW, Suite 500<br>Washington, D.C. 20001<br>(202) 223-1700<br><br>*Counsel to Defendant-Intervenor Wheatland Tube Company* | Alan H. Price<br>Robert E. De Francesco, III<br>Theodore P. Brackemyre<br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, DC 20036<br>(202) 719-7000<br><br>*Counsel for Defendant-Intervenor Nucor Tubular Products Inc.* |

Dated: March 3, 2023

* Only admitted in New York and New Jersey. Practice limited to matters before federal courts and agencies.

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................... 1
**ARGUMENT** ....................................................................................................................... 1
**CONCLUSION** ................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Consol. Bearings Co. v. United States*,
  166 F. Supp. 2d 580 (Ct. Int'l Trade 2001) ................................................................. 4

*Independent Radionic Workers of Am. v. United States*,
  862 F. Supp. 422 (Ct. Int'l Trade 1994) ...................................................................... 5

*Itochu Building Prods. v. United States*,
  733 F.3d 1140 (Fed. Cir. 2013) .................................................................................... 3

*King Supply Co., LLC v. United States*,
  674 F.3d 1343 (Fed. Cir. 2012) .................................................................................... 4

*Meridian Prods., LLC v. United States*,
  77 F. Supp. 3d 1307 (Ct. Int'l Trade 2015) ................................................................. 4

*Saha Thai Steel Pipe Pub. Co. v. United States*,
  547 F. Supp. 3d 1278 (Ct Int'l Trade 2021) ....................................................... 1-2, 4-5

*Zhongce Rubber Grp. Co. Ltd. v. United States*,
  352 F. Supp. 3d 1276 (Ct. Int'l Trade 2018) ............................................................... 4

**STATUTES**

19 U.S.C. § 1675(a)(2) ......................................................................................................... 4

**REGULATIONS**

19 C.F.R. § 351.225(k)(1) .................................................................................................... 5

19 C.F.R. § 351.225(k)(2) .................................................................................................... 5

19 C.F.R. § 351.309(c)(2). ................................................................................................... 3

# INTRODUCTION

Defendant-Intervenors Wheatland Tube Company and Nucor Tubular Products Inc. (collectively, "Defendant-Intervenors") hereby submit this sur-reply pursuant to the Court's order dated January 19, 2023 (ECF No. 67). As instructed, this submission is limited to arguments regarding exceptions to the exhaustion doctrine raised by Saha Thai Steel Pipe Public Co. Ltd. ("Saha Thai") that urge this Court to rule on an issue that was not identified in Saha Thai's administrative case brief before the U.S. Department of Commerce ("Commerce"). *See* Saha Thai Reply Br., ECF No. 54 at 26-32.

The Government addressed Saha Thai's arguments in its sur-reply filed on February 17, 2023 (ECF No. 68). Defendant-Intervenors hereby incorporate by reference and endorse the arguments made by the Government in its sur-reply. Below, we provide additional explanation of how Saha Thai has failed to demonstrate that it is entitled to an exception to the exhaustion doctrine. The Court should not excuse Saha Thai's failure to exhaust its administrative remedies, and Defendant-Intervenors respectfully request that the Court deny Saha Thai's motion for judgment on the agency record and sustain Commerce's final results, as revised in Commerce's voluntary remand redetermination (ECF No. 61).

# ARGUMENT

Saha Thai asks this Court to order Commerce to revise the dumping margin calculations for the 2019-2020 review to remove otherwise subject pipe that is stenciled as complying with a second industrial standard in light of this Court's affirmation of Commerce's remand redetermination, filed under protest, that the addition of a second stencil removes pipe from the scope of the order. *See* Saha Thai Motion for Judgment on the Agency Record, ECF No. 40-1 at 52-54 (citing *Saha Thai Steel Pipe Pub. Co. v. United States*, 547 F. Supp. 3d 1278 (Ct Int'l

Trade 2021), *appeal docketed*, Appeal No. 2022-2181 (Fed. Cir. Sept. 7, 2022)). Saha Thai acknowledges that Commerce's remand redetermination on dual-stenciled pipe and tube is not yet final, and that its request would become moot if dual-stenciled pipe and tube is ultimately determined to be within the scope of the order as a result of a final court decision in that separate appeal. *Id.* at 52 ("We recognize that Commerce's new conclusion that dual-stenciled pipe is not covered by the scope of the CWP Order is not yet final."). Thus, the Court need not address Saha Thai's request if: (1) this Court renders its decision before there is a final court decision in the ongoing scope litigation; or (2) a final court decision in the ongoing scope litigation results in a determination that dual-stenciled pipe and tube is within the scope of the order.

Regardless, as explained in the submissions filed by the Government (ECF Nos. 46 and 68) and Defendant-Intervenors (ECF Nos. 49 and 50), this Court should not entertain Saha Thai's request because the company failed to exhaust its administrative remedies by not arguing in its administrative case brief that Commerce should exclude sales of dual-stenciled pipe and tube from the dumping margin calculations. Saha Thai nonetheless avers that it was not necessary to raise the argument before Commerce because it believes that certain exceptions to the exhaustion doctrine apply. Saha Thai Reply Br. at 26-32.

Saha Thai summarizes the timing of certain events and contends that it lacked an opportunity to seek an administrative remedy because, at the time case briefs were due, "the law was that dual-certified pipe was within the scope of the order." *Id.* at 28. However, Saha Thai appealed Commerce's original in-scope determination with respect to dual-stenciled pipe and tube in July 2020, which was several months before the company submitted its Section C questionnaire response in the review at issue here and almost one year before the company submitted its administrative case brief. Unlike other circumstances where a party is taken by

surprise and denied an opportunity to raise an argument before the agency, such as when Commerce unexpectedly changes its position after case briefs are filed, Saha Thai was well aware that the state of the law was in flux and there was a possibility that dual-stenciled pipe and tube would be found outside the scope of the order as a result of litigation. In fact, that was precisely the relief that Saha Thai sought in its appeal of Commerce's original scope determination. Simply put, Saha Thai was not denied the opportunity to argue that Commerce should not include sales of dual-stenciled pipe and tube in the dumping margin calculations in its administrative case brief. Moreover, the issue of whether dual-stenciled pipe and tube is within the scope of the order is different from the issue of what sales Commerce should include in its dumping margin calculations in an administrative review. Saha Thai was required to raise the latter issue in its administrative case brief to preserve its right to relief with respect to its dumping margin for the 2019-2020 period.

The Government has fully explained why the futility exception to the exhaustion doctrine does not apply here. *See* Def.'s Sur-Reply, ECF No. 68 at 2-5. Defendant-Intervenors concur with and adopt by reference the arguments made by the Government. In addition to the Government's arguments that distinguish the decision of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *Itochu Building Prods. v. United States*, another key distinction is that the case on which Saha Thai relies involved a changed circumstances review where, unlike the administrative review at issue here, parties are under no specific *requirement* to file a case brief, and the provisions of 19 C.F.R. § 351.309(c)(2) do not apply. *See* 733 F.3d 1140, 1145 n.1 (Fed. Cir. 2013).

With respect to Saha Thai's invocation of the pure question of law exception, that narrow exception applies only "when (1) plaintiff raises a new argument; (2) this argument is of a purely

3

legal nature; (3) the inquiry requires neither further agency involvement nor additional fact finding or opening up the record; and (4) the inquiry neither creates undue delay nor causes expenditure of scarce party time and resources." *Zhongce Rubber Grp. Co. Ltd. v. United States*, 352 F. Supp. 3d 1276, 1279 (Ct. Int'l Trade 2018), *aff'd without opinion*, 787 F. App'x 756 (Fed. Cir. 2019) (citing *Consol. Bearings Co. v. United States*, 166 F. Supp. 2d 580, 587 (Ct. Int'l Trade 2001)). While Saha Thai raised the issue of including sales of dual-stenciled pipe and tube in the dumping margin calculations for the first time in this litigation, the three other requirements for the pure question of law exception have not been met.

Saha Thai frames the "pure question of law" as whether Commerce has the authority to include sales of dual-stenciled pipe and tube in the dumping margin calculation. Saha Thai Reply Br. at 32. It references Commerce's authority under 19 U.S.C. § 1675(a)(2), which directs Commerce to examine entries of "subject merchandise" in determining dumping margins in an administrative review. Statutory construction alone is not sufficient to decide whether Commerce is authorized to include sales of dual-stenciled pipe and tube as sales of subject merchandise in the dumping margin calculations.

Generally, "a scope ruling is a highly fact-intensive and case-specific determination." *King Supply Co., LLC v. United States*, 674 F.3d 1343, 1345 (Fed. Cir. 2012). "{T}he language of the scope itself can present a 'pure' question of law to the extent the language is not susceptible to interpretation." *Meridian Prods., LLC v. United States*, 77 F. Supp. 3d 1307, 1313 (Ct. Int'l Trade 2015), *rev'd on other grounds*, 851 F.3d 1375 (Fed. Cir. 2017). But this Court has characterized the plain language of the scope as ambiguous with respect to dual-stenciled pipe and tube and held that additional materials must be consulted to interpret the scope language. *See Saha Thai*, 547 F. Supp. 3d at 1291-92. Saha Thai relies on this Court's decision in

4

the separate scope litigation to argue that the scope of the order cannot be read to include dual-stenciled pipe and tube, *see* Saha Thai Reply Br. at 32, but there still is no final and conclusive court decision that resolves the issue of whether dual-stenciled pipe and tube is merchandise subject to the order. Also, this Court has explained that "{a} claim is not 'purely legal' where a remand would require Commerce to perform recalculations." *Independent Radionic Workers of Am. v. United States*, 862 F. Supp. 422, 434 (Ct. Int'l Trade 1994). Accordingly, the issue of which Saha Thai complains is not purely legal in nature.

      Finally, whether dual-stenciled pipe and tube is properly treated as subject merchandise is an issue that may require further agency involvement, additional fact finding, and potential reopening of the administrative record. The appeal of the scope determination is still pending and the Federal Circuit may remand the matter for further proceedings before Commerce. In such a scenario, Commerce could find that the primary interpretive sources under 19 C.F.R. § 351.225(k)(1) are not dispositive and proceed to a highly fact-intensive analysis of the so-called *Diversified Products* factors pursuant to 19 C.F.R. § 351.225(k)(2) to determine whether dual-stenciled pipe and tube is covered by the scope of the order. While the Government suggests that the Court could stay this matter until the Federal Circuit issues its final mandate, *see* Def.'s Sur-Reply at 5-6, Defendant-Intervenors respectfully submit that doing so would unduly delay resolution of the instant case.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court not consider Saha Thai's request for a revised dumping margin that does not include sales of dual-stenciled pipe and tube because Saha Thai failed to exhaust its administrative remedies and Saha Thai has not demonstrated that any of the exceptions to the exhaustion doctrine apply.

Respectfully Submitted,

| | |
|---|---|
| /s/ Christopher T. Cloutier | /s/ Alan H. Price |
| Roger B Schagrin | Alan H. Price |
| Christopher T. Cloutier | Robert E. DeFrancesco, III |
| Saad Y. Chalchal* | Theodore P. Brackemyre, Esq. |
| **SCHAGRIN ASSOCIATES** | **WILEY REIN LLP** |
| 900 7th Street NW, Suite 500 | 2050 M Street, NW |
| Washington, D.C. 20001 | Washington, DC 20036 |
| (202) 223-1700 | (202) 719-7000 |
| | |
| *Counsel to Defendant-Intervenor Wheatland Tube Company* | *Counsel to Defendant-Intervenor Nucor Tubular Products Inc.* |

\* Only admitted in New York and New Jersey. Practice limited to matters before federal courts and agencies.

Dated: March 3, 2023

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief contains 1,605 words, including the text, quotations, footnotes, and headings, according to the word count function of Microsoft Word used to prepare this brief. It therefore complies with the Court's order that this submission not exceed 8,500 words.

/s/ Christopher T. Cloutier
Christopher T. Cloutier

Dated: March 3, 2023