A-549-502
Remand – Slip Op. 23-158
POR: 3/1/2019 – 2/29/2020
**Public Document**
E&C/OI: TES

*Saha Thai Steel Pipe Public Company Limited v. United States*,
Consolidated Court No. 21-00627, Slip Op. 23-158 (CIT November 13, 2023)
Circular Welded Carbon Steel Pipes and Tubes from Thailand

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

**I.   SUMMARY**

The U.S. Department of Commerce (Commerce) prepared these final results of redetermination pursuant to the remand order of the U.S. Court of International Trade (CIT or the Court) in *Saha Thai Steel Pipe Public Company Limited v. United States*, Court No. 21-00627, Slip Op. 23-158 (CIT November 13, 2023) (*Remand Order*).  These final results of redetermination concern the final results of the 2019-2020 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand.[1]

In the *Remand Order*, the Court remanded the *Final Results* to: (1) reconsider whether dual-stenciled pipe sales made by Saha Thai Steel Pipe Public Company Ltd. (Saha Thai) were properly included in the administrative review; and (2) perform a proper affiliation analysis regarding the relationship between Saha Thai and BNK Steel Co. Ltd. (BNK).[2]  As a result of these final results of redetermination, we have determined: (1) that we properly included sales of dual-stenciled pipe sales in our margin calculations as subject merchandise; and (2) that Saha

---

[1] *See Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 86 FR 69620 (December 8, 2021) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM), as modified by *Final Results of Redetermination Pursuant to Court Remand, Saha Thai Steel Pipe Public Company Limited v. United States*, Consolidated Court No. 21-00627 (CIT October 11, 2022), dated November 28, 2022 (*First Remand*), available at https://access.trade.gov/resources/remands/21-00627.pdf.
[2] *See Remand Order* at 1 and 4.

Thai and BNK are not affiliated under the statute. As a result of these final results of redetermination, Saha Thai's revised weighted-average dumping margin is 1.65 percent, and the revised rate assigned to Thai Premium Pipe Co., Ltd. is 1.65 percent.

## II. BACKGROUND

In the *Final Results*, as modified by the *First Remand*, Commerce used Saha Thai's home market and U.S. sales data which included sales of "dual-stenciled" pipe, *i.e.*, pipe certified to meet the industry standards for both standard pipe and line pipe.[3] Additionally, Commerce determined that necessary information regarding Saha Thai's links to certain of its home market customers, including BNK, was missing from the record within the meaning of section 776(a)(1) of the Tariff Act of 1930, as amended (the Act), and that Saha Thai had withheld requested information, not provided such information by the deadline and in the manner requested, and significantly impeded the proceeding within the meaning of sections 776(a)(2)(A)-(C) of the Act. Further, Commerce determined that Saha Thai had failed to cooperate by not acting to the best of its ability within the meaning of section 776(b) of the Act and, as adverse facts available (AFA), Commerce determined that certain of Saha Thai's customers, including BNK, were affiliated with Saha Thai.[4]

---

[3] *See* Saha Thai's Letter, "Saha Thai's Supplemental Questionnaire Response," dated February 24, 2021, at 2-3.
[4] *See Final Results* IDM at Comment 1. We observe that we had afforded proprietary treatment with respect to BNK's identity in that document; at oral argument before the Court, BNK's identity was publicly disclosed. *See Remand Order* at 11, n.3.

Commerce released its draft results of redetermination on August 29, 2024.[5] Wheatland Tube (Wheatland) and Saha Thai submitted timely comments on the Draft Remand on September 5, 2024.[6]

## III. ANALYSIS

<u>Dual-Stenciled Pipe</u>

In *Saha Thai*, the U.S. Court of Appeals for the Federal Circuit held that dual-stenciled pipe is within the scope of this proceeding.[7] Accordingly, we determine that it was proper for us to include such sales in our margin calculations. Therefore, we have not revised the margin calculations for Saha Thai with respect to this issue.

<u>BNK</u>

In the *Final Results*, Commerce determined that Saha Thai failed to disclose its shared manager with BNK as prompted by Commerce in its questionnaires.[8] A domestic interested party, Wheatland, was limited to public records in its research when it brought this shared manager to the attention of Commerce, and because Saha Thai did not disclose this shared manager, Commerce did not have an opportunity to examine if there were any further ties between Saha Thai and BNK. Because Commerce did not have the opportunity to inquire into this relationship further, Commerce concluded that it could not presume that there were no other ties between Saha Thai and BNK and applied AFA to find the two companies affiliated.[9] The

---

[5] *See* Draft Results of Redetermination Pursuant to Court Remand, *Saha Thai Steel Pipe Public Company Limited v. United States*, Court No. 21-00627, Slip Op. 23-158 (CIT November 13, 2023), dated August 29, 2024 (Draft Remand).
[6] *See* Wheatland's Letter, "Comments on Draft Remand Determination," dated September 5, 2024 (Wheatland's Draft Remand Comments); and Saha Thai's Letter, "Saha Thai's Comments On Draft Remand Re-determination," dated September 5, 2024 (Saha Thai's Draft Remand Comments).
[7] *See Saha Thai Steel Pipe Public Co., Ltd. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024) (*Saha Thai*).
[8] *See* Memorandum, "Final Analysis Memorandum for Saha Thai Steel Pipe Public Co., Ltd.," dated December 2, 2021, at 2.
[9] *Id.*

Court held that that this is an insufficient evidentiary standard for finding parties to be affiliated.[10] The Court thus remanded to Commerce to "perform a proper affiliation analysis regarding the relationship between Plaintiff and BNK."[11]

On remand, we agree with the Court that, by itself, the sharing of a single human resources manager without further record evidence showing affiliation would be insufficient to determine that Saha Thai and BNK are affiliated within the meaning of section 771(33) of the Act. Accordingly, for these final results of redetermination, we have treated Saha Thai and BNK as unaffiliated entities, and we have recalculated the weighted-average dumping margin for Saha Thai accordingly.

We observe, however, that the affiliation determination in the *Final Results* was not based on an analysis of the single human resources manager, but was instead based on AFA. Specifically, Commerce did not apply AFA to Saha Thai based on its potential relationship with BNK in the *Preliminary Results*, because when Commerce asked Saha Thai to report "Saha Thai's or any of Saha Thai affiliate's employees, stockholders, managers, directors, officers, or department heads currently are or previously were employed by any other company involved in the development, production, sale and/or distribution of the merchandise under review," in one questionnaire, and then again in a supplemental questionnaire, Saha Thai did not report any connection whatsoever with BNK.[12] Subsequently, Wheatland put on the record information demonstrating that Saha Thai's response was erroneous with respect to BNK, as well as a number of other companies, and then further explained that information in its administrative case

---

[10] *See Remand Order* at 34-38 (citing *Hyundai Heavy Indus. Co. v. United States*, 393 F. Supp. 3d 1293, 1319 (CIT 2019)).
[11] *Id.* at 38.
[12] *See* Saha Thai's Letter, "Saha Thai's Supplemental Questionnaire Response," dated May 6, 2021, at 2-3; *see also Circular Welded Carbon Steel Pipes and Tubes from Thailand: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019-2020*, 86 FR 30405 (June 8, 2021) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (not applying AFA to Saha Thai).

4

brief.[13]  Specifically, Wheatland placed information on the record reflecting that there was a single shared human resources manager between Saha Thai and BNK, a fact which had not be reported by Saha Thai in its questionnaire responses.  Accordingly, in the *Final Results*, based on this information supplied by Wheatland, Commerce determined that Saha Thai had failed to act to the best of its ability in providing information, including the existence of the human resources manager, pertaining to a relationship between Saha Thai and BNK.

Because Saha Thai failed to report that its human resources manager was also employed by BNK, Commerce did not know that a potential relationship existed between the two companies and that it should inquire further on this issue.  Accordingly, because necessary information was missing from the record within the meaning of section 776(a)(1) of the Act, and Saha Thai withheld requested information, failed to timely provide such information, and significantly impeded the proceeding within the meaning of sections 776(a)(2)(A)-(C) of the Act, the application of facts available was warranted.[14]  Further, because we concluded in the *Final Results* that Saha Thai had failed to cooperate by not acting to the best of its ability within the meaning of section 776(b) of the Act by failing to respond to our request for information in two separate questionnaires, we made an adverse inference in our determination with respect to Saha Thai to find that Saha Thai was affiliated with BNK.[15]

Commerce continues to find that Saha Thai did not act to the best of its ability in responding to Commerce's two requests for information pertaining to shared employees on the record.  Accordingly, the application of AFA was warranted under sections 776(a) and (b) of the

---

[13] *See* Wheatland's Letters, "Rebuttal Factual Information to Blue Pipe's Supplemental Questionnaire Response," dated June 1, 2021, at Exhibit 3; and "Resubmitted Case Brief," dated July 27, 2021, at 10.
[14] *See Final Results* IDM at 9.
[15] *Id*.

Act on this issue, and we respectfully are issuing these final results of redetermination under protest.[16]

However, in consideration of the "single shared human resources manager," the Court ordered Commerce to conduct an affiliation analysis.[17] Therefore, we conducted that particular analysis and, as stated above, we conclude that if the shared human resources manager is the only shared relationship between Saha Thai and BNK, then no finding of affiliation is warranted between the two companies pursuant to section 771(33) of the Act.

Rate for Non-Examined Companies

Because we based the rate for non-examined companies on the rate for Saha Thai,[18] we used the recalculated rate for Saha Thai for the only non-examined respondent that is party to this litigation, Thai Premium Pipe Co., Ltd., for these final results of redetermination.

## IV.   INTERESTED PARTY COMMENTS

**Comment 1:  Dual-Stenciled Pipe**

The following is a verbatim summary of argument submitted by Wheatland.[19]  For further details, *see* Wheatland's Draft Remand Comments at 2.

*Wheatland's Comments*:

> The U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") recently held that dual-stenciled pipe is within the scope of the order on *Circular Welded Pipe from Thailand*.  As the Federal Circuit explained, giving a product an additional name, or tweaking it to meet an additional industrial specification, does nothing to remove an otherwise subject product from the scope of an order. Consequently, Commerce's *Draft Redetermination*, which includes standard pipe that Saha Thai claimed met a superfluous industrial specification in the dumping calculation, complies with the court's order, is consistent with law, and is supported by substantial evidence.  Commerce should make no change to this aspect of its draft redetermination.

---

[16] *See Viraj Group v. United States*, 343 F. 3d 1371 (Fed. Cir. 2003).
[17] *See Remand Order* at 4.
[18] *See Final Results*, 86 FR at 69621.
[19] *See* Wheatland's Draft Remand Comments.

Saha Thai did not comment on this issue.

**Commerce's Position:** We agree with Wheatland that the inclusion of dual-stenciled pipe sales in our margin calculation is proper and have accordingly made no change to this aspect of our draft redetermination.

**Comment 2: BNK**

The following is a verbatim summary of argument submitted by Wheatland.[20] For further details, *see* Wheatland's Draft Remand Comments at 3 through 5.

*Wheatland's Comments*:

> Wheatland appreciates that the *Draft Redetermination* indicates that it is made under protest with respect to the issue of unreported relationships. The order of the Court of International Trade (the "CIT" or "Court") requires Commerce to ignore that Saha Thai Steel Pipe Public Company Ltd. ("Saha Thai") failed to disclose various relationships with other companies in the Thai pipe industry and provided inaccurate responses to specific questions regarding whether it shared employees with such companies. The Court's directive restricts Commerce to analyzing affiliation as though Saha Thai had been truthful and cooperated to the best of its ability. Requiring Commerce to ignore Saha Thai's omissions effectively strips the "adverse" out of adverse facts available, and will encourage respondents to omit unfavorable information from their future responses to Commerce's requests for information. Left unchallenged, the Court's ruling risks returning Commerce to the toothless era of "commercial reality" – which Congress has explicitly disavowed. Wheatland encourages Commerce to continue to protest this issue in the final remand redetermination and preserve the right to appeal the CIT's remand order to the Federal Circuit.

Saha Thai did not provide an executive summary of its comments concerning BNK. For further details, *see* Saha Thai's Draft Remand Comments at 2-3.

**Commerce's Position:** We continue to find that Saha Thai and BNK are unaffiliated based on the available record information consistent with the Court's *Remand Order*. However, we agree with Wheatland that Saha Thai omitted information and failed to act to the best of its ability, and thus, are issuing these final results of redetermination under respectful protest. Saha Thai does

---

[20] *See* Wheatland's Draft Remand Comments.

not contest Commerce's finding that it and BNK are unaffiliated, though Saha Thai opposes Commerce's expression of disagreement with the Court's decision in these final results of redetermination.

Saha Thai contends that Commerce only asked for information regarding "employees involved in the development, production, sale and/or distribution of the merchandise under review."[21] In fact, as explained above, Commerce requested that Saha Thai report "Saha Thai's or any of Saha Thai affiliate's employees, stockholders, managers, directors, officers, or department heads currently are or previously were employed by any other company involved in the development, production, sale and/or distribution of the merchandise under review."[22] Commerce did not ask for managers specifically involved in the sale of subject merchandise, but instead for managers currently or previously employed by any other company involved in the sale of subject merchandise, which would include BNK.

Saha Thai also contends that there was no missing necessary information to allow for the application of AFA.[23] However, Saha Thai's failure to disclose this connection with one of its home market customers prevented Commerce from potentially issuing further questions probing the extent of the relationship, and such information would be necessary information within the meaning of section 776(a)(1) of the Act. Importantly, section 776(a)(2) of the Act also provides other bases for the application of facts otherwise available including, for example, where a party withholds information that has been requested.

---

[21] *See* Saha Thai's Draft Remand Comments at 2-3.
[22] *See* Saha Thai's Letter, "Saha Thai's Supplemental Questionnaire Response," dated May 6, 2021, at 2-3.
[23] *See* Saha Thai's Draft Remand Comments at 2.

That said, as explained above and consistent with the *Remand Order*, we continue to find BNK to be unaffiliated with Saha Thai under respectful protest, and we have made no change to this aspect of our draft redetermination.

## V.     FINAL RESULTS OF REDETERMINATION

In accordance with the Court's *Remand Order*, Commerce has, as discussed above, revised certain aspects of its dumping analysis. Based on these changes, Commerce determines that the following weighted-average dumping margins exist for the period of March 1, 2019, through February 29, 2020:

| Exporter/Producer | *First Remand* Weighted-Average Dumping Margin (percent) | Instant Remand Weighted-Average Dumping Margin (percent) |
|---|---|---|
| Saha Thai Steel Pipe Public Company, Ltd. | 14.74 | 1.65 |
| Thai Premium Pipe Co., Ltd. | 14.74 | 1.65 |

If Commerce's final results of redetermination are sustained by the Court, Commerce intends to publish a *Timken*[24] notice with the amended final results in the *Federal Register* and issue appropriate customs instructions to U.S. Customs and Border Protection, consistent with the discussion above.

10/9/2024

X _____

Signed by: RYAN MAJERUS

Ryan Majerus
Deputy Assistant Secretary
  for Policy and Negotiations,
  performing the non-exclusive functions and duties
  of the Assistant Secretary for Enforcement and Compliance

---

[24] *See Timken Co. v. United States*, 893 F.2d 337 (Fed. Cir. 1990) (*Timken*); *see also Diamond Sawblades Manufacturers Coalition v. United States*, 626 F.3d 1374 (Fed. Cir. 2010).

9