# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Stephen A. Vaden, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, <br><br> Plaintiff, <br><br> and <br><br> THAI PREMIUM PIPE COMPANY LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY, <br> NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenors. | Court No. 21-00627 |

**COMMENTS OF PLAINTIFF SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED ON COMMERCE'S SECOND REDETERMINATION ON REMAND**

                                                Daniel L. Porter
                                                Ana M. Amador Gil
                                                Katherine R. Afzal

                                                Curtis Mallet-Prevost, Colt & Mosle LLP
                                                1717 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20006
                                                (202) 452-7373

November 11, 2024

# TABLE OF CONTENTS

**INTRODUCTION AND SUMMARY OF COMMENTS** ............................................................ 3

**COMMENTS** ................................................................................................................. 5

## INTRODUCTION AND SUMMARY OF COMMENTS

On behalf of Plaintiff Saha Thai Steel Pipe Public Company Limited ("Saha Thai"), we provide comments on the Commerce's Second Remand Redetermination ("Second Remand Redetermination"), ECF No. 87. These comments are submitted pursuant to the Court's Second Remand Order issued on November 13, 2023, ECF 81 ("Second Remand Order").

We briefly reiterate the key developments. In its Slip-Op. 23-158, this Court found that the application of an adverse inference to find that BNK was affiliated with Saha Thai was problematic. In particular, this Court noted that the only single link between BNK and Saha Thai, a shared human resources manager, was not sufficient for concluding that Saha Thai and BNK are affiliated. The Court faulted Commerce's analysis, which did not explain how the facts could fulfill the statutory requirements of 19 U.S.C. § 1677(33) for a finding of affiliation. Particularly, Commerce's finding of affiliation between BNK and Saha Thai was considered both "factually unsupported and legally improper" ECF 81 at 37.

Commerce's submitted its Second Remand Redetermination on October 10, 2024. ECF 87. In its Second Remand Redetermination, Commerce agrees with the Court finding that, by itself, the sharing of a single human resource manager without further record evidence showing affiliation would be insufficient to determine that Saha Thai and BNK are affiliated within the meaning of section 771(33) of the Act. ECF 87 at 6.

Yet, Commerce also points that its finding was not made on the basis of the statutory basis of application, but rather pursuant to the application of Adverse Facts Available.

Specifically, Commerce issues its Second Remand Redetermination under protest, as it continues to consider that Saha Thai failed to act to the best of its ability in providing information pertaining to the relationship between Saha Thai and BNK. Commerce advances that Saha Thai did not report the manager relationship, but that only petitioner Wheatland Tube placed this information on the record. ECF 81 at 4-7.

By these comments, Saha Thai hereby informs this Court that Saha Thai fully agrees with Commerce's ultimate conclusion that BNK and Saha Thai are not affiliated and therefore the original antidumping (AD) margin (which was based on this subsidiary conclusion) needed to change. Saha Thai agrees that Commerce correctly changed the AD margin.

However, Saha Thai disagrees with Commerce's criticism of the Trade Court's decision and its insistence on sustaining the application of Adverse Facts Available. Saha Thai considers that the Department did not itself comply with the statutory requirements to apply Adverse Facts Available.

## COMMENTS

Saha Thai believes that the Department's Second Remand Redetermination fully complies with the Trade Court Second Remand Order and is fully supported by the evidentiary record and applicable law.

Specifically, on the issue of affiliation between Saha Thai and BNK, the Department renders the correct conclusion that, by itself, the sharing of a single human resources manager without further record evidence showing affiliation is insufficient to determine that Saha Thai and BNK are affiliated within the meaning of section 771(33) of the Act. Saha Thai further agrees that as a result of Saha Thai and BNK being found as unaffiliated entities, it is necessary to recalculate the weighted-average dumping margin applicable to Saha Thai. Saha Thai approves the revised calculation of 1.65%, down from the original 14.74% weighted-average dumping in the First Remand Redetermination for the review period of March 1, 2019 through February 29, 2020. ECF 61.

That stated, Saha Thai disagrees with Commerce's additional (dicta) discussion criticizing this Court's decision concerning the application of Adverse Facts Available. In its criticism of this Court's decision, Commerce suggests that it is possible to <u>simultaneously</u> conclude that (a) the underlying facts do not justify a finding of affiliation but that (b) it is possible to apply Adverse Facts Available because of arguably missing downstream sales data that is only necessary (for the AD margin calculation) if there is affiliation.  We respectfully submit that Commerce's supposition is not legally possible.

Moreover, Commerce's claim ignores the fact that Commerce itself did not comply with the statutory requirements to apply Adverse Facts Available. There was no question that Saha Thai responded to every question posed by Commerce exerting the maximum effort possible. At no point during the AD review process did Commerce inform Saha Thai that it had provided deficient information on this or any other specific issue. Moreover, the single question that Commerce did ask on this issue was whether employees were "*involved in the development, production, sale and/or distribution of the merchandise under review*." It goes without saying that a human resources manager is not directly involved in the development, production, sale and/or distribution of a company's merchandise. Consequently, Saha Thai could not be aware that it needed to disclose this information. Finally, Commerce omits that the human resources manager held no overlapping position with Saha Thai during the relevant period of review.

In sum, Commerce's criticism of the Trade Court's finding on non-affiliation is unfounded.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
Ana M. Amador Gil
Katherine R. Afzal

Counsel for *Saha Thai*