IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, <br><br> Plaintiff, <br><br> and <br><br> THAI PREMIUM PIPE COMPANY LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenors. | Court No. 21-00627 |

**DEFENDANT'S RESPONSE TO
COMMENTS ON COMMERCE' REMAND REDETERMINATION**

    Defendant, the United States, respectfully responds to the comments of plaintiff, Saha Thai Steel Pipe Public Company Limited (Saha Thai), and plaintiff-intervenor, Thai Premium Pipe Company Ltd. (TPP) concerning the Department of Commerce's remand results in this matter.  Final Results of Redetermination Pursuant to Court Remand (Oct. 10, 2024) (ECF No. 87) (Remand Results).  We respectfully request that the Court sustain the remand results because they comply with the Court's remand order and because they are supported by substantial evidence and are in accordance with law.

**BACKGROUND**

I.    <u>The Court's November 13, 2023 Remand Order</u>

This case concerns Commerce's final results in the 2019-2020 antidumping duty administrative review of circular welded carbon steel pipes and tubes from Thailand, for the period of review from March 1, 2019, to February 29, 2020. *See Welded Carbon Steel Pipes and Tubes From Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 69,620 (Dec. 8, 2021*)* (Final Results), Appx14281-14286[1], and accompanying Issues and Decision Memorandum (IDM), Appx14287-14319.

On November 13, 2023, the Court sustained-in-part and remanded-in-part Commerce's final determination. *See Saha Thai Steel Pipe Public Company Limited v. United States*, 663 F. Supp. 3d 1356 (Ct. Int'l Trade 2023) (Remand Order). The Court remanded two issues to Commerce. First, the Court instructed Commerce to reconsider the inclusion of dual-stenciled pipe in the administrative review following the appeal of the issue to the Federal Circuit in *Saha Thai Steel Pipe Public Co. Ltd. v. United States*, CAFC No. 22-2181. Remand Order, 663 F. Supp. 3d at 1369. Second, the Court remanded Commerce's determination finding that Saha Thai and one of its home market customers, BNK Steel Co. Ltd. (BNK), were affiliated as a result of the application of facts available with an adverse inference. *Id.* at 1377. Specifically, the Court ordered Commerce "to perform a proper affiliation analysis regarding the relationship between {Saha Thai} and BNK." *Id.*

---

[1] Citations to the underlying administrative review reference the joint appendix filed with this Court on September 9, 2022 (ECF Nos. 56, 57, 58).

II.      <u>Commerce's Remand Results</u>

On October 10, 2024, Commerce filed the final results of redetermination pursuant to this Court's Remand Order with this Court. Remand Results, ECF No. 87-1. In the Remand Results, Commerce concluded that it properly included sales of dual-stenciled pipe in its margin calculations following the Federal Circuit's decision in the separate appeal noted in the Remand Order. *See* Remand Results at 3 (citing *Saha Thai Steel Pipe Public Co., Ltd. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024)). Saha Thai did not address or contest this determination in its comments on the draft results of redetermination. *Id.* at 6-7.

Commerce also found, under respectful protest, that Saha Thai and BNK are not affiliated within the meaning of 19 U.S.C. § 1677(33) based on the record evidence. *Id.* at 4-6 (citing *Viraj Group v. United States*, 343 F. 3d 1371 (Fed. Cir. 2003)).

## **ARGUMENT**

I.      <u>Standard Of Review</u>

In reviewing remand determinations in antidumping and countervailing duty proceedings, the Court applies the same standard of review as the one applied when reviewing the original determination. *See* 19 U.S.C. § 1516a(b)(1)(B)(i)). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II.      <u>Commerce's Remand Results Comply With The Remand Order And Are Supported By Substantial Evidence And In Accordance With Law</u>

On remand, Commerce complied with the Court's remand order by reconsidering its inclusion of dual-stenciled pipe following the Federal Circuit's decision in *Saha Thai Steel Pipe*

3

*Public Co., Ltd. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024). Commerce also performed an affiliation analysis on remand based on available record information consistent with the Court's remand order and determined that Saha Thai and BNK are not affiliated. *See* Remand Results at 1-2. These determinations are supported by substantial evidence and in accordance with law.

In their comments, Saha Thai and TPP agree that Commerce's Remand Results complied with the Remand Order and provide no objection to the result. *See* TPP Comments In Support of Remand Redetermination (ECF No. 89) at 1; Saha Thai Comments On Remand Redetermination (ECF No. 90) at 5. Saha Thai, however, comments on Commerce's decision to proceed under respectful protest regarding not applying facts available with an adverse inference to the affiliation analysis. *See* Saha Thai Comments at 5-6. To be clear, Commerce did not apply facts available with an adverse inference in the Remand Results, and only provided context while preserving Commerce's right to appeal. Remand Results at 5-6 (citing *Viraj Group v. United States*, 343 F. 3d 1371 (Fed. Cir. 2003); *see also BGH Edelstahl Siegen GmbH v. United States*, 704 F. Supp. 3d 1372, 1375 n.5 (Ct. Int'l Trade 2024) ("Commerce files under respectful protest in order to preserve its right to appeal.").

Accordingly, as no party opposes Commerce's Remand Results, this Court should conclude that Commerce's Remand Results comply with this Court's Remand Order and are supported by substantial evidence and in accordance with law.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Collin T. Mathias
Collin T. Mathias
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0315
E-mail: Collin.T.Mathias@usdoj.gov

OF COUNSEL:
JONZACHARY FORBES
Senior Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

December 11, 2024

*Attorneys for Defendant*

5