UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>*Plaintiff,*<br><br>and<br><br>THAI PREMIUM PIPE COMPANY, LTD.<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC.,<br><br>*Defendant-Intervenors.* | Court No. 21-00627 |

**DEFENDANT-INTERVENOR WHEATLAND TUBE COMPANY'S
REPLY TO COMMENTS ON THE REMAND REDETERMINATION**

                                                                         Roger B. Schagrin
                                                                         Christopher T. Cloutier
                                                                          Saad Y. Chalchal*
                                                                           SCHAGRIN ASSOCIATES
                                                                           900 7th Street NW
                                                                           Suite 500
                                                                           Washington, D.C. 20001

                                                                           *Counsel to Defendant-Intervenor Wheatland Tube Company*

Dated: December 16, 2024                            * Admitted only in New York and New Jersey. Practice limited to matters before federal courts and agencies.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

I. INTRODUCTION ..................................................................................................... 1

II. THE REMAND ORDER ........................................................................................... 1

III. COMMERCE COMPLIED WITH THE REMAND ORDER UNDER RESPECTFUL PROTEST ........................................................................................ 2

IV. WHEATLAND SUPPORTS THE ISSUANCE OF A FINAL JUDGMENT SUSTAINING COMMERCE'S REMAND REDETERMINATION SUBMITTED UNDER RESPECTFUL PROTEST ............................................................................ 4

V. CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*AG der Dillinger Hüttenwerke v. United States*,
  648 F. Supp. 3d 1321 (Ct. Int'l Trade 2023) ...............................................................................5

*Aristocraft of Am., LLC v. United States*,
  331 F. Supp. 3d 1372 (Ct. Int'l Trade 2018) ...........................................................................5–6

*Consol. Edison, Co. v. NLRB*,
  305 U.S. 197 (1938)................................................................................................................5–6

*Mitsubishi Heavy Indu. Ltd. v. United States*,
  275 F.3d 1056 (Fed. Cir. 2001)................................................................................................5–6

*Saha Thai Steel Pipe Pub. Co. v. United States*,
  663 F. Supp. 3d 1356 (Ct. Int'l Trade 2023) ...................................................................... *passim*

*Viraj Grp. Ltd. v. United States*,
  343 F.3d 1371 (Fed. Cir. 2003)....................................................................................................4

**Statutes**

19 U.S.C. § 1677(33) ....................................................................................................................2–3

**Other Authorities**

Statement of Administrative Action Accompanying the Uruguay Round Agreements Act,
  H.R. Rep. No. 103-316 (1994)................................................................................................5–6

i

I.  **INTRODUCTION**

Defendant-Intervenor Wheatland Tube Company ("Wheatland") respectfully submits this reply to the comments filed by plaintiff Saha Thai Steel Pipe Public Co., Ltd. ("Saha Thai") (ECF No. 90) and plaintiff-intervenor Thai Premium Pipe Co., Ltd. ("TPP") (ECF No. 89) regarding the final results of redetermination filed by the U.S. Department of Commerce ("Commerce") in this appeal. *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 87-1 (Oct. 10, 2024) ("Remand Redetermination"). For the reasons articulated in the Remand Redetermination and elaborated upon below, Wheatland disagrees with the Court's conclusion that Commerce improperly found, based on the application of facts otherwise available with an adverse inference ("AFA"), that Saha Thai was affiliated with home market customer BNK Steel Co. Ltd. ("BNK"). *See Saha Thai Steel Pipe Pub. Co. v. United States*, 663 F. Supp. 3d 1356, 1375–1377 (Ct. Int'l Trade 2023) ("*Remand Order*"). It is Wheatland's position that the *Remand Order* unduly limited Commerce's AFA authority. However, because Commerce reversed its affiliation finding under respectful protest to comply with the *Remand Order*, the Court may issue a final judgment sustaining the Remand Redetermination in order to permit parties to appeal to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit").

II.  **THE REMAND ORDER**

In its decision, the Court reviewed Commerce's application of AFA to address Saha Thai's failure to report ties with certain customers in the home market. *Id.* at 1370–1377. The Court recognized that "it is … vital that parties identify to Commerce all potentially affiliated companies so that Commerce will only use arm's length transactions when calculating normal value." *Id.* at 1370. The Court also agreed that the statute empowers Commerce to fill factual gaps in the record (including missing information on *potential* affiliates) by relying on facts otherwise available and drawing an adverse inference when a respondent has failed to cooperate

by not acting to the best of its ability. *Id.* at 1371. Here, Saha Thai never reported links (*e.g.*, shared ownership, board members, or employees) with *seven* companies—C.S. Steel Product Co. Ltd, Nawapon Kanka Sakon Co., Ltd., Tac-M Group Co., Ltd., Metallic Section Steel Company Limited, JHP International Co., Ltd., Paisan Steel Co., Ltd., and BNK. Because Saha Thai repeatedly failed to disclose these *seven* companies as potential affiliates despite multiple requests for such information, Commerce drew the adverse inference that all *seven* companies were affiliated with Saha Thai. The Court sustained Commerce's AFA finding of affiliation between Saha Thai and six of the seven companies because the limited evidence on the record still provided "strong support of affiliation." *Id.* at 1372–75. However, the Court remanded Commerce's AFA finding of affiliation between Saha Thai and BNK. *Id.* at 1375–77. Even though the Court agreed that Saha Thai's less-than-forthcoming responses (to put it charitably) regarding potential affiliates created factual gaps in the record, the Court reasoned that "the sharing of a single human resources manager is insufficient for a reasonable mind to conclude that Saha Thai and BNK are affiliated." *Id.* at 1376. Accordingly, the Court remanded the matter for Commerce to "reconsider its affiliation analysis regarding BNK, apply the proper statutory test for affiliation, and explain how the facts on the record support its determination." *Id.* at 1377.

### III.   COMMERCE COMPLIED WITH THE REMAND ORDER UNDER RESPECTFUL PROTEST

On remand, Commerce reversed its original decision under respectful protest and found that Saha Thai and BNK are not affiliated. Although it complied with the *Remand Order* and relied on the limited available evidence on the record to complete the affiliation analysis, Commerce expressed concerns that the Court erred in its application of the law to the facts of this case. Commerce ultimately did not treat Saha Thai and BNK as affiliates because it "agree{d} with the Court that, by itself, the sharing of a single human resources manager without

2

further record evidence showing affiliation would be insufficient to determine that Saha Thai and BNK are affiliated within the meaning of {19 U.S.C. § 1677(33)}." Remand Redetermination at 4. However, Commerce emphasized that its original affiliation finding was based on AFA and not solely based on the fact that the two companies reported the same individual to the Thai government as their human resources manager. *Id.* The publicly available information submitted by Wheatland, which brought to light that Saha Thai and purportedly unaffiliated BNK just happened to employ the same individual to run the separate human resources operations of these not-at-all in cahoots companies, supported the application of AFA because Saha Thai failed to act to the best of its ability in providing information on shared employees and other ties to companies that could impact the margin analysis for Saha Thai. *Id.* at 4–5. Commerce maintained that the application of AFA was warranted because Saha Thai's lack of candor denied Commerce the opportunity to examine the potential affiliation with BNK further and investigate whether there were ties between Saha Thai and BNK in addition to inexplicably employing the same individual. *Id.* at 5–6. Given the incomplete record and the AFA scenario, Commerce explained in its original decision that it could not assume that there were no ties between Saha Thai and BNK other than the shared human resources manager. The *Remand Order* left Commerce with no choice but to make this assumption when it reconsidered the issue on remand in accordance with the Court's instructions. Specifically, Commerce stated that if it must conclude that "the shared human resources manager is the only shared relationship between Saha Thai and BNK, then no finding of affiliation is warranted between the two companies{.}" *Id.* at 6. As a result of this decision, Saha Thai's recalculated weighted-average dumping margin was reduced from 14.74 percent to 1.65 percent. *Id.* at 9.

3

### IV. WHEATLAND SUPPORTS THE ISSUANCE OF A FINAL JUDGMENT SUSTAINING COMMERCE'S REMAND REDETERMINATION SUBMITTED UNDER RESPECTFUL PROTEST

The Court should issue a final judgment sustaining the remand redetermination submitted under protest in order to permit parties to appeal the issue to the Federal Circuit. *See Viraj Grp. Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003). Wheatland reiterates its disagreement with the Court's application of the law to the facts of this case. This Court stated, and Wheatland agrees, that "{i}t is … vital that parties identify to Commerce all *potentially* affiliated companies so that Commerce will only use arm's length transactions when calculating normal value." *Remand Order*, 663 F. Supp. 3d at 1370 (emphasis added). The reason Commerce was forced to resort to facts otherwise available is because Saha Thai's reporting with respect to ties with potential affiliates was incomplete and created an informational gap in the record. The application of AFA was also warranted because Saha Thai's responses to Commerce's requests for information on potentially affiliated companies and shared employees did not satisfy the level of cooperation required under the "best of its ability" standard. Thus, to fill the informational gap in the record, Commerce was authorized to make an *inference* based on the available information that was *adverse* to Saha Thai's interests. The *Remand Order*, however, unduly limited Commerce's AFA authority and the finding on remand does nothing to address Saha Thai's noncompliance with Commerce's requests for information on potential affiliates and shared employees.

It is undisputed that Saha Thai's lack of cooperation denied Commerce the opportunity to investigate the full extent of the relationship between Saha Thai and BNK. This left Commerce with two possible inferences that could be drawn from the record: (1) find that the two companies are not affiliated based on an inference that the shared human resources manager is the *one and only* link, or (2) find that the two companies are affiliated based on an inference that

4

the shared human resources manager is *one of many* links that establish a control relationship. Commerce inferred the latter in its original determination because it is the only option that achieves an adverse result, which is consistent with the AFA statute's overarching purpose of encouraging future cooperation and ensuring that the respondent does not receive a more favorable dumping margin than it would have received had it fully cooperated. *See* Statement of Administrative Action Accompanying the Uruguay Round Agreements Act, H.R. Rep. No. 103-316 (1994) ("SAA"), at 870.

The substantial evidence standard allows Commerce to make such an inference in an AFA scenario. *See, e.g.*, *AG der Dillinger Hüttenwerke v. United States*, 648 F. Supp. 3d 1321, 1328–33 (Ct. Int'l Trade 2023) (sustaining adverse inference that assumed respondent manufactured all sales with missing manufacturer information), *appeal docketed*, No. 2024-1219 (Fed. Cir. Dec. 4, 2023). However, according to the Court, Commerce's AFA finding with respect to BNK was an assumption based on "{b}are speculation" that could not be sustained. *See Remand Order*, 663 F. Supp. 3d at 1368. The same could be said of the decision that Commerce reached in the Remand Redetermination. In finding no affiliation between Saha Thai and BNK on remand, Commerce made the unsupported assumption that there were no were ties other than the shared human resources manager. *See* Remand Redetermination at 6 ("{W}e conclude that if the shared human resources manager is the only shared relationship between Saha Thai and BNK, then no finding of affiliation is warranted between the two companies ….").

Wheatland respectfully submits that the Court erred in concluding that an AFA finding of affiliation on this record was not reasonable. *Cf. Aristocraft of Am., LLC v. United States*, 331 F. Supp. 3d 1372, 1380 (Ct. Int'l Trade 2018) ("The court has no idea which of the two inferences is correct. Both seem plausible. What the court cannot do is direct Commerce to favor Plaintiffs'

5

preferred evidentiary inference over another reasonable inference.") (citing *Mitsubishi Heavy Indu. Ltd. v. United States*, 275 F.3d 1056, 1062 (Fed. Cir. 2001); *Consol. Edison, Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The incomplete state of the record made it impossible to determine which assumption (or inference) was the correct one. As explained in the SAA, "proving that the facts selected are the best alternative facts would require that the facts available be compared with the missing information, which obviously cannot be done." SAA at 870. Commerce's original finding of affiliation between Saha Thai and BNK achieved the legislative purpose behind the AFA statute. In contrast, the finding on remand rewards Saha Thai for its lack of cooperation with the most favorable possible outcome and reduced its weighted-average dumping margin from 14.74 percent to 1.65 percent. This result following judicial remand sends a message to respondents that they may obtain a more favorable result by entirely omitting certain information (*e.g.*, the identities of potentially affiliated companies) and shift the evidentiary burden to petitioners. The *Remand Order* thus frustrates the AFA statute's goals and eviscerates the only tool Commerce has at its disposal to incentivize cooperation and obtain the information it needs to fulfill its statutory duties as the administering authority of the antidumping duty law. As Wheatland stated in its comments during the remand proceeding,

> The Court's directive restricts Commerce to analyzing affiliation as though Saha Thai had been truthful and cooperated to the best of its ability. Requiring Commerce to ignore Saha Thai's omissions effectively strips the "adverse" out of adverse facts available, and will encourage respondents to omit unfavorable information from their future responses to Commerce's requests for information. Left unchallenged, the Court's ruling risks returning Commerce to the toothless era of "commercial reality" – which Congress has explicitly disavowed.

Wheatland's Comments on Draft Remand Redetermination at 1–2, Remand P.D. 3 (Sept. 5, 2024). For all of these reasons, Wheatland supports Commerce's original AFA finding of affiliation and agrees with Commerce's decision to submit the Remand Redetermination under respectful protest.

## V.  CONCLUSION

Wheatland appreciates the opportunity to provide these comments on Commerce's remand redetermination. As explained above, while Wheatland disagrees with the Court's remand with respect to Commerce's finding that Saha Thai and BNK are affiliated, the Court should issue a final judgment sustaining the Remand Redetermination submitted under protest in order to permit parties to appeal the issue to the Federal Circuit.

Respectfully Submitted,

/s/ Christopher T. Cloutier
Roger B. Schagrin
Christopher T. Cloutier
Saad Y. Chalchal*
SCHAGRIN ASSOCIATES
900 7th Street NW
Suite 500
Washington, D.C. 20001

*Counsel to Defendant-Intervenor Wheatland Tube Company*

Dated: December 16, 2024

* Admitted only in New York and New Jersey. Practice limited to matters before federal courts and agencies.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 2,016 words, including text, footnotes, and headings, according to the word count function of Microsoft Word used to prepare this brief.

                                                /s/ Christopher T. Cloutier
                                                Christopher T. Cloutier

Dated: December 16, 2024