# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, <br><br> Plaintiff, <br><br> and <br><br> THAI PREMIUM PIPE COMPANY LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY, <br> NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenor. | **Court No. 21-00627** |

## ORDER

Upon consideration of Plaintiff's Response in Opposition to Defendant's Motion for a Stay of Briefing in Light of Lapse of Appropriations, it is hereby:

**ORDERED** that the Motion for a Stay is **DENIED**.

Dated: _____, 2025           _____
      New York, New York                                   Judge Gary S. Katzmann

# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>  Plaintiff,<br>and<br><br>THAI PREMIUM PIPE COMPANY LTD.,<br><br>  Plaintiff-Intervenor,<br><br>  v.<br><br>UNITED STATES,<br><br>  Defendant,<br><br>  and<br><br>WHEATLAND TUBE COMPANY,<br>NUCOR TUBULAR PRODUCTS INC.,<br><br>  Defendant-Intervenor. | **Court No. 21-00627** |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF BRIEFING IN LIGHT OF LAPSE OF APPROPRIATIONS

Pursuant to Rule 7(d) of the United States Court of International Trade, Saha Thai Steel Pipe Public Company Ltd. ("Saha Thai" or "Plaintiff") respectfully opposes Defendant's Motion for a Stay of Briefing in Light of Lapse of Appropriations ("Defendant's Motion"), ECF No. 120.

In Defendant's Motion, the United States submits that a stay is required because "appropriations that had been funding the Department of Justice expired and those appropriations to the Department lapsed." *Id*. According to Defendant, "{a}bsent an appropriation, Department of Justice attorneys and employees of the Department of Commerce are prohibited from working, even on a voluntary basis, except in very limited circumstances, including

1

"emergencies involving the safety of human life or the protection of property." *Id.* (citing 31 U.S.C. § 1342). That rationale does not withstand the countervailing reasons to deny Defendant's Motion.

First, as Plaintiff has made abundantly clear, this appeal has gone far too long. *See, e.g.,* Plaintiff Saha Thai's Comments on Commerce's Third Remand Redetermination, ECF No. 119. This Court has been forced to order three remands, the last of which was caused by Defendant reverting to a previously held position, a position that the Court had already concluded was unsupported by substantial evidence and otherwise not in accordance with law. *Id*. Further delays are in direct conflict with the objectives set forth in CIT R. 1.

Second, Defendant's above-quoted basis for its request omits critical information. As set forth in the U.S. Department of Justice's FY 2026 Contingency Plan dated September 29, 2025, civil litigators are to request a stay but, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the Court's order, which would constitute express legal authorization for the activity to continue." U.S. Department of Justice FY 2026 Contingency Plan (Sept. 29, 2025) at 3 available at https://www.justice.gov/jmd/media/1377216/dl (last visited Oct. 2, 2025). To the extent that Defendant is "prohibited from working," as addressed below in Plaintiff's third point, the facts present a clear example of a very type of circumstance in which Defendant is allowed to work.

Third, this Court continues normal operations and filing deadlines remain in effect notwithstanding the lapse in federal appropriations. On October 1, 2025, this Court issued the following notice:

NOTICE REGARDING COURT OPERATIONS:

*Wednesday, October 1, 2025*

Although there is currently a lapse in federal appropriations, the United States Court of International Trade will remain open and continue normal operations until further notice. Electronic filing will remain available through CM/ECF and, unless otherwise ordered, filing deadlines will remain in effect.[1]

As such, the lapse in federal appropriations does nothing to change Court operations or deadlines.

Given the history of this case, the objectives set forth in CIT R. 1, the Defendant's express grant of permission for its civil litigators to work, and the fact that the Court continues normal operations, Plaintiff respectfully requests that the Court deny Defendant's Motion.

        Respectfully submitted,

        /s/ Daniel L. Porter
        Daniel L. Porter

        Pillsbury Winthrop Shaw Pittman LLP
        1200 17th Street, NW
        Washington, DC 20036
        (202) 663-8140

        *Counsel for Saha Thai Steel Pipe Public Company Ltd.*

Dated: October 3, 2025

---

[1] *Available at* https://www.cit.uscourts.gov/news/notice-regarding-court-operations (last visited Oct. 2, 2025).